UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TABITHA M. GANN                                       CIVIL ACTION

VERSUS                                                NO. 14-189-BAJ-EWD

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

---

**RULING AND ORDER ON MOTION FOR ATTORNEY FEES
UNDER 42 U.S.C. § 406(b)**

---

Before the Court is Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b)(1)(A)(the "Motion").[1] The Motion is not opposed.  For the reasons that follow, the Motion is **GRANTED**.

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for disability benefits.[2]  Plaintiff filed a Memorandum in Support of Appeal on September 16, 2014.[3]   The Commissioner filed an Answer[4] and Memorandum in Opposition[5] on November 14, 2014.  Plaintiff filed a Reply Brief on December 3, 2014.[6]

On August 3, 2015, the Magistrate Judge's Report was issued, recommending that the Commissioner's decision be reversed and that the case be remanded under sentence six of 42 § U.S.C. 405(g).[7] The Magistrate Judge's Report was adopted by the District Judge and the case was reversed and remanded to the Commissioner for reevaluation.[8]  On June 1, 2016, Plaintiff received

---

[1] R. Doc. 16.
[2] R. Doc. 1.
[3] R. Doc. 7.
[4] R. Doc. 8.
[5] R. Doc. 9.
[6] R. Doc. 10.
[7] R. Doc. 13.
[8] R. Doc. 15.

a Notice of Award favorable to Plaintiff.[9] The Notice of Award also provides that part of Plaintiff's past due benefits, in the amount of $20,400.50, has been withheld to pay attorney fees.[10]  At this time, Plaintiff's counsel have not sought nor been awarded any attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)("EAJA").

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow a reasonable award for the attorney's representation, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."[11]  In this case Plaintiff recovered over $80,000 in past due benefits, as well as future Title II benefits.  Plaintiff's counsel seek to recover a fee in the amount of $20,400.50. Ms. Gann contracted with her attorneys to pay 25% of past-due benefits.[12]

Plaintiff's counsel rely heavily on *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), for the proposition that the traditional lodestar method is no longer applicable for determining the reasonableness of a § 406(b) award and, instead, primacy must be given to fee agreements.[13] While *Gisbrecht* instructs lower courts to give a contingency fee agreement primacy, the Fifth Circuit has clarified the applicability of *Gisbrecht* as follows:

> *Gisbrecht* does not altogether preclude a district court's consideration of the lodestar method in a § 406(b) fee determination. Instead, *Gisbrecht* commands that where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by

---

[9] R. Doc. 16-3.
[10] R. Doc. 16-3, p. 3.
[11] 42 U.S.C. § 406(b)(1)(A).
[12] R. Doc. 16-2.
[13] R. Doc. 16-7, p. 4 ("*Gisbrecht* overruled those circuits employing the lodestar method in favor of giving primacy to attorney-client agreements.").

the attorney-and thus not attributable to the attorney's representation of the client before the court.[14]

A review of the time sheets submitted in support of the Motion shows that counsel spent 39.4 hours on Plaintiff's case.[15] A fee award of $20,400.50 would result in payment of an hourly fee to Plaintiff's counsel of $517.78. While the court does find this to be a very high hourly fee, in light of the deference to be given to contingency fee contracts, the success of counsel's representation of Plaintiff, not only in obtaining past due benefits, but also ongoing Title II benefits, as well as the significant risk of loss in undertaking these types of cases, the court does not find that a windfall would result if the contingency fee agreement is enforced. Accordingly, the court finds the requested fee of $20,400.50 reasonable under the circumstances.

As a final matter, the court notes that attorneys "who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b)." *Jackson v. Astrue*, 705 F.3d 527, 529 n.2 (5th Cir. 2013). However, where fees are awarded under both statutes, counsel "must refund to the claimant the amount of the smaller fee." *Jackson*, 705 F.3d at 529 n.2.[16] Consistent with this principle, counsel have agreed they will refund any fee awarded under the EAJA to Plaintiff if their Motion results in an award of a higher fee.[17]

---

[14] *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).
[15] 5.8 hours by George Lato (R. Doc. 16-4); 28.3 hours by Sarah Bohr (R. Doc. 16-5); and 5.3 hours by Curtis Fisher.
[16] The court presumes without deciding that the fee awarded under the EAJA will be smaller than the fee awarded by this Order.
[17] R. Doc. 16, ¶ 7. Plaintiff's counsel have also advised the court that EAJA fees will be sought after the court reopens the case. An Unopposed Motion to Reopen Case for the Purpose of the Entry of Judgment was terminated by entry of a Consent Judgment in this case on July 12, 2016 (R. Doc. 19). Pursuant to 28 U.S.C. § 2114(d)(1)(B), an application for attorney's fees under the EAJA must be submitted "within thirty days of final judgment in the action." *See*, *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006). "In sentence six cases, the [EAJA] filing period does not begin to run until after the post remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Here, post remand proceedings were completed and thereafter the Commissioner sought a final consent judgment. A final judgment was entered on July 12, 2016. R. Doc. 19. Accordingly, the EAJA filing period has not expired.

For the reasons given above, **IT IS ORDERED** that Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b)(1)(A)[18] is **GRANTED** and that Plaintiff's **counsel**, Gulf South Disability Lawyers, George Lato, Sarah Bohr and Curtis Fisher, be awarded **$20,400.50** in attorneys' fees under 42 U.S.C. § 406(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's counsel must file a Notice of Compliance with this court either: (1) within seven (7) days following expiration of the time period to apply for EAJA fees, stating that Plaintiff's counsel has elected not to seek attorney's fees pursuant to the EAJA and has instead refunded to Plaintiff an amount equal to the fee that would have been properly awarded pursuant to the EAJA; or (2) within seven (7) days from a ruling on Plaintiff's counsels' motion for fees under the EAJA stating that (a) fees were awarded pursuant to EAJA and the EAJA fee has been refunded to Plaintiff; or that (b) no fees were awarded pursuant to the EAJA and therefore no refund to Plaintiff is due.

Signed in Baton Rouge, Louisiana, on August 5, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 16.