UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TABITHA M. GANN | CIVIL ACTION |
| VERSUS | NO. 14-189-BAJ-EWD |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |

**RULING AND ORDER ON PETITION FOR ATTORNEY FEES**

Before the Court is Plaintiff's Petition for Attorney Fees (the "Motion").[1] The Commissioner filed a Response in Opposition[2] and the Plaintiff filed a Reply.[3] For the reasons that follow, the Motion is **GRANTED IN PART**.[4] Plaintiff is awarded EAJA fees of $8,145.00, as well as costs of $400.00, payable out of the Judgment Fund of the Treasury Department, pursuant to 31 U.S.C. § 1304.

**Background**

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for disability benefits.[5] Plaintiff filed a Memorandum in Support of

---

[1] R. Doc. 21.
[2] R. Doc. 22.
[3] R. Doc. 31.
[4] This matter was referred to the undersigned on October 31, 2016. The undersigned issues a ruling in this matter, rather than proposed findings and recommendations, as this is not a matter specifically excluded under 28 U.S.C. § 636(b)(1)(A). *See Fresh America Corp. v. Allen Lund Co.*, 303-CV-1299, 2005 WL 2124133 (N.D. Tex. Sept. 1, 2005)(finding that a motion for attorney fees is a nondispositive matter for which a magistrate judge may issue an order).
[5] R. Doc. 1.

Appeal on September 16, 2014.[6]  The Commissioner filed an Answer[7] and Memorandum in Opposition[8] on November 14, 2014.  Plaintiff filed a Reply Brief on December 3, 2014.[9]

On August 3, 2015, the Magistrate Judge's Report was issued, recommending that the Commissioner's decision be reversed and that the case be remanded under sentence six of 42 § U.S.C. 405(g).[10]  The Magistrate Judge's Report was adopted by the District Judge and the case was reversed and remanded to the Commissioner for reevaluation.[11]  On June 1, 2016, Plaintiff received a Notice of Award favorable to Plaintiff.[12]  The Notice of Award also provides that part of Plaintiff's past due benefits, in the amount of $20,400.50, has been withheld to pay attorney fees.[13]  Plaintiff filed a Motion for Attorney Fees Under 42 U.S.C. 406(b)[14] on June 27, 2016, which was granted by this court on August 8, 2016.[15]  The Ruling and Order granting fees under 42 U.S.C. § 406(b) specifically referenced that no request for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)("EAJA") had been made at that time, but that, if Plaintiff were to receive an award of fees under § 406(b) and the EAJA, counsel would refund the EAJA fee to Plaintiff if the § 406(b) fees awarded were higher.[16]  The instant Motion seeks a fee award under the EAJA of $8,645.50 and costs of $400.00.[17]

---

[6] R. Doc. 7.
[7] R. Doc. 8.
[8] R. Doc. 9.
[9] R. Doc. 10.
[10] R. Doc. 13.
[11] R. Doc. 15.
[12] R. Doc. 16-3.
[13] R. Doc. 16-3, p. 3.
[14] R. Doc. 16.
[15] R. Doc. 20.
[16] R. Doc. 20, p. 3.
[17] The initial fee request was for $8,120.00 (R. Doc. 21), but Plaintiff seeks additional fees for work preparing the reply memorandum on the fee issue. R. Doc. 31, p. 3.  Under the EAJA, fees incurred in litigating a fee application are compensable. *Powell v. Commissioner*, 891 F.2d 1167, 1170–71 (5th Cir.1990) (awarding the plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim).

The Commissioner does not dispute that Plaintiff was the prevailing party and is thus entitled to a fee award under the EAJA, rather, the Commissioner argues as follows: 1) the requested hourly rate is excessive; 2) the request for paralegal fees is unclear and should be denied; and 3) any award should be made directly payable to the Plaintiff, rather than counsel.  The Commissioner also states that any award of costs must be paid from the Judgment Fund of the Treasury Department.  Plaintiff agrees that an award of costs must be paid from the Judgment Fund of the Treasury Department.[18]

## Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[19]  Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[20]  The Commissioner does not dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA.  Instead, the parties dispute the amount of the hourly rate that should be paid, whether the charges for paralegal time should be paid, and to whom any award should be payable.

### A. Hourly Rate

Under the EAJA, a court cannot award a fee exceeding "$125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee."[21]  In *Baker v. Bowen*, the Fifth Circuit held that Congress intended to provide an allowance for a cost-of-living increase in the statute:

> We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely

---

[18] R. Doc. 31, p. 4.
[19] 28 U.S.C. § 2412.
[20] 28 U.S.C. § 2412(d)(1)(A).
[21] 28 U.S.C. § 2412(d)(2)(A)(ii).

3

> require it. Clearly by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted. But the rule does not necessarily require that attorneys' fees awards track the cost-of-living index for the geographical area. Although this indicator is certainly significant, it may not be conclusive; such a decision is within the discretion of the district court. In order to satisfy both goals of the provision, however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981.[22]

While it is within the court's discretion whether to make a cost-of-living adjustment to the EAJA statutory cap, *Baker* certainly seems to stand for the proposition that when a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap.

Both parties acknowledge that this Court has consistently exceeded the $125.00 cap in cases decided in 2014, 2015 and, most recently in September 2016.[23] The Commissioner uses this weight of authority in an effort to establish that $150.00 an hour is a reasonable fee in this district. The court finds the reasoning of its sister district persuasive. Recently, in *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), the Western District of Louisiana undertook an extensive analysis of this issue and concluded that it was appropriate to implement an hourly rate of $175.00 per hour as the EAJA rate in that court for services performed in 2014

---

[22] *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).

[23] *Porter v. Colvin*, No. 12-768, 2014 WL 6633086, at *1 (M.D. La. Nov. 21, 2014)(collecting cases holding that hourly rate of $150 was "consistent with the rate generally applied by this court."); *Watkins v. Comm'r of Soc. Sec.*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) (same); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015); *Williams v. Colvin*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. March 24, 2015)(same); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044 at *2 (M.D. La. Sept. 6, 2016). Many of these cases cite cases from the Western District of Louisiana as further support for the reasonableness of a $150.00 EAJA fee. As noted, the Western District of Louisiana has now increased its hourly rate for services performed in 2014 and beyond to $175.00 under the EAJA.

and going forward. *Id.* at \*3. Part of the court's analysis in *Montgomery* involved a comparison of the Consumer Price Index for March 1996 (the month and year in which the $125 EAJA rate became effective) with the CPI for All Urban Consumers and the CPI for all Urban Consumers in the South for the year in which the work was done, in that case 2015. The court noted that, using this comparison, both that national CPI and the CPI for Urban Consumers in the South had increased over 50% during that time period, which, if strictly applying a cost-of-living increase, would result in EAJA rates between $189.10 and $190.06 in 2014 and EAJA rates between $188.76 and $190.28 in 2015.[24] Finally, the court concluded that, although the $175.00 rate requested was 17% higher than the court's prior rate of $150.00, it was still below the $125 statutory cap when adjusted for inflation. The *Montgomery* opinion also collected other cases from adjacent districts in this Circuit where EAJA fees had been awarded at or above the $175.00 rate requested.[25]

Plaintiff has submitted significant evidence in support of a cost-of-living increase to the statutory cap. Here, for the work performed in 2014, the same CPI comparison as that made in *Montgomery* is applicable. The remainder of the work for which Plaintiff seeks a fee award was performed in 2016.[26] The national CPI for 2016 shows an increase of 54.9% over the CPI in March 1996 when the $125 statutory cap was implemented.[27] The CPI for Urban Consumers in the South shows an increase of 52.6% for the same time period.[28] Thus, if the CPI were strictly applied to adjust the EAJA fee award for cost of living, the rates would be between $190.75 and $193.63 for

---

[24] *Montgomery*, 2016 WL 4705730 at \*2, n.3. The same figures calculated in *Montgomery* for CPI comparison using CPI for all Urban Consumers in the South would be applicable in this district as well.
[25] *Montgomery*, 2016 WL 4705730 at \*2, n.5.
[26] There is one time entry from 2015 on Mr. Lato's time sheet. R. Doc. 21-2. There are no time entries for Ms. Bohr or Mr. Fisher for 2015. As shown in *Montgomery* the CPI comparison figures for 2015 are not substantially different than the calculations for 2014 and 2016 and would not change the court's analysis. *Montgomery*, 2016 WL 4705730, \*2, n.3.
[27] www.bls.gov/news.release/cpi.t01.htm.
[28] https://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0

the work done in 2016. The court does not have to expressly track the cost-of-living index for this area, however, and so the court finds that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981.[29] Increasing the hourly rate to $175.00 in this matter meets the dual purpose of the statute for cases such as this one where the work was performed from 2014-16. Recognizing the benefit of consistency on this issue and the fact that cost-of-living is a factor that would affect each litigant in this district to the same degree,[30] the court will approve an EAJA hourly rate of up to $175.00 for work performed from 2014 forward until further notice.

## B. Paralegal Work

The Commissioner does not object to Plaintiff's requested hourly rate for paralegal work of $75.00, but objects to the 10.5 hours total of paralegal work sought. The Commissioner is correct that the court has an independent duty to scrutinize fee petitions. Here, the court finds that the amount of hours claimed for paralegal work must be reduced as it is not clear what work was being performed or how that work benefitted the case.

Plaintiff has established the qualification of the paralegals who performed work on this matter – Stephanie Rothe and Katrina Talavera.[31] With regard to their roles in the case, Plaintiff states only that "[b]oth paralegals performed such duties as hearing preparation, briefing claims

---

[29] *Hamblen v. Colvin*, 14 F.Supp.3d 801, 805 (N.D. Tex. April 17, 2014)("The award need not track the cost-of-living index for that geographical area, but that index is a significant indicator. The resulting figure is only a maximum rate, however, not a floor, and 'a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case.'")(Citations omitted).

[30] *Baker*, 839 F.2d at 1083. In subsequent cases, the Fifth Circuit has reiterated the importance of maintaining uniformity within districts in calculating fee adjustments under the EAJA. *See, e.g., Hall v. v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995)(stating that "the cost-of-living" factor should be uniformly applied by the New Orleans district courts and "invit[ing] the district judges of the Eastern District of Louisiana to address any lack of uniformity with a view toward developing the required uniformity.")

[31] R. Doc. 31-1.

6

and preparing claimants for hearings."[32] After review of the time sheet submitted, however, it is not clear what work the paralegals were performing based on the descriptions provided. For example, many of the entries reference review and/or submission of what may be medical records.[33] Without more explanation, it is not clear how this work performed was expended on the prevailing claim.[34] Plaintiff has the burden of establishing the reasonableness of the fees sought and the court cannot say, based on the information provided, that many of the paralegal fees sought are reasonable. The court will not permit recovery of any of the paralegal time sought except for the February 25, 2016 entry for Ms. Rothe for 5 hours for working on the hearing brief. Accordingly, the attorney fee award sought is reduced by $412.50.

### C. Payment Directly to Plaintiff

Plaintiff contends that because she has assigned her right to attorney fees to her attorney, the EAJA fee should be payable directly to counsel. The United States Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's counsel.[35] Accordingly, the award of attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel. This result also seems consistent with Plaintiff's counsel's prior agreement[36] and the court's prior order[37] that any fee awarded under the EAJA be refunded to the Plaintiff if the fees awarded under 42 U.S.C. § 406(b)(1)(A) were higher.

---

[32] R. Doc. 31, p. 3.
[33] R. Doc. 21-2. (For example, "1/14/16 Baton Rouge General Medical Center ONMR Head 09.14.2015-Reviewd [sic] & SUBMITTED 0.25 S., Katrina T.")
[34] *Hamblen v. Colvin*, 14 F.Supp.3d 801, 804 (N.D. Tex. April 17, 2014) citing *Von Clark v. Butler*, 915 F.2d 255, 259 (5th Cir. 1990) ("The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim.")
[35] *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 2528–29, 177 L.Ed.2d 91 (2010).
[36] R. Doc. 16, ¶7.
[37] R. Doc. 20 (awarding Plaintiff's counsel $20,400.50 in attorneys' fee under 42 U.S.C. § 406(b)(1).

**Conclusion**

For the reasons set forth herein, the Plaintiff's Petition for Attorney Fees[38] is **GRANTED IN PART.**  The Commissioner is ordered to remit to Plaintiff's counsel a check made payable to "Tabitha Gann" for attorney fees in the amount of $8,145.00 (44.4 hours at $175.00;[39] 5 hours at $75.00), plus costs in the amount of $400.00, payable from the Judgment Fund of the Treasury Department, pursuant to 31 U.S.C. § 1304.

Signed in Baton Rouge, Louisiana, on January 27, 2017.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

[38] R. Doc. 21.
[39] Although the Memorandum of Law in Support of Plaintiff's Petition for Attorney Fees states that there are 41.9 hours of attorney time sought (R. Doc. 21-5, p. 5), it incorrectly states that 5.8 hours is sought for work performed by Curtis Fisher.  According to Mr. Fisher's affidavit, he performed 5.3 hours of work.  R. Doc. 21-4, p. 3.  Additionally, as noted above, Plaintiff also seeks an additional 3 hours of time for preparation of the reply memorandum.